UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | No. C 06-6555 WDB |
| Plaintiff. | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| MERIDIAN COMMERCIAL, INC. and THOMAS J. KEARNEY, | |
| Defendants. | |

On January 5, 2007, defendants filed their Motion to Dismiss or in the Alternative Stay Proceedings Pending Resolution of the Underlying Lawsuit ("Motion). On February 13, 2007, the Court conducted a hearing in connection with defendants' Motion. At that time the Court requested supplemental briefing with respect to several issues. See, Order, filed February 14, 2007.

The parties submitted their supplemental briefing, and on March 15, 2007, the matter was deemed submitted. The Court RULES as follows.

Plaintiff's action arises under the Declaratory Judgment Act. 28 U.S.C. §2201. "The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts." *Huth v. The Hartford Ins . Co. of the Midwest,* 298 F.3d 800 (9th Cir. 2002). Pursuant to *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942), and its progeny, the Court must consider, *inter alia,* the following factors: (1) avoiding needless determination of state law

1

issues, (2) discouraging the filing of declaratory relief actions as a means of forum shopping, and (3) avoiding duplicative litigation. *Huth*, 298 F.3d at 803. "Essentially, the district court must balance concerns of judicial administration, comity, and fairness to the litigants." *American States Ins., Co., v. Kearns*, 15 F.3d 142 (9th Cir. 1994) *quoting Chamberlain v. Allstate Ins., Co.*, 931 F.2d 1361 (9th Cir. 1990).

The Court ABSTAINS from exercising its jurisdiction over plaintiff's action and GRANTS defendants' Motion to Dismiss.

We think abstaining is appropriate to avoid the needless determination of state law issues. The parties' supplemental papers are well done. The arguments presented by plaintiff with respect to how to construe the 'prior knowledge' provision at issue are well framed and have substantial persuasive power. However, in our view, the question of whether an objective or subjective test applies to this kind of 'prior knowledge' provision has not been clearly settled by California courts.

The Court and parties have located only one decision from a California appellate court directly on point. *American Int.'l Specialty Lines Ins. Co. v. Continental Casualty Ins. Co.*, 142 Cal. App. 4th 1342 (2nd Dist. 2006). Although *American Int.'l* clearly applies an objective standard, it does so with limited reasoning. We simply cannot find that one appellate decision containing limited reasoning establishes an issue as "settled."

Plaintiff cites a variety of cases from jurisdictions other than California that apply an objective standard and identifies several bases for distinguishing those cases from courts outside California that appear to apply a subjective standard. While cases from jurisdictions other than California might improve the likelihood that we would predict accurately what rule the California Supreme Court ultimately would announce, at this juncture we consider only the threshold question of whether the issue is "settled" in California. That we and the parties feel constrained to look to other jurisdictions to determine how California might rule is itself support for the conclusion that the issue is unsettled within California.

The appropriate place for interpreting the policy language at issue is the California state court.  The remedy of declaratory relief is available to plaintiff under California law.  State courts are presumptively more familiar with state law than are federal courts -- and only state courts can authoritatively resolve issues of state law.  The state court also would be better able to determine whether to coordinate plaintiff's action with the underlying litigation already pending there and would be in a superior position to coordinate the two actions in the event that need arises.

There is an additional consideration that is rooted in notions of comity and in uncertainty about what the relevant law is that supports our decision to exercise our discretion to dismiss plaintiff's complaint.  Defendants assert that to present a full and fair defense in this action for declaratory relief they would be compelled to disclose confidential advice they received from their attorney before the inception of the insurance policy at issue here.  These otherwise protected communications apparently relate to the likelihood that defendants would be sued by other unsuccessful bidders.  Defendants point out that the privilege they would be waiving in that circumstance is a privilege given them by California law.  It would be most appropriate, they argue, to permit California courts to determine the scope of any waiver of this privilege that would be occasioned by the limited disclosures defendants say they would need to make to defend the declaratory relief action.

It is not clear whether, as plaintiff contends, a federal court that exercises jurisdiction over this kind of action would have the power, in these circumstances, to bind a state court to follow the federal court's judgment about the scope of the waiver of a state law privilege.  If we decline jurisdiction in this case, thereby permitting the state court to decide the scope of the waiver of the state privilege, that uncertainty becomes irrelevant –  and we eliminate the risk of creating tension between the state and federal judiciary that might well ensue if this federal court were to purport to dictate to a state court how that court must resolve issues that arise in state court proceedings about the scope of the waiver of a state law privilege.

It is against these considerations that we weigh any competing interests that might support a decision to retain jurisdiction here.  To cut to the chase, there are precious few such interests – and those that plaintiff has identified carry relatively little weight.  When we asked counsel for plaintiff to tell us why plaintiff wanted this matter to proceed in federal court, the answer was quite thin: the lawyers in our office, counsel said, are familiar with federal court, our client prefers federal court (for no specified reason), and the electronic filing system in federal court is easy to use.  See, Transcript February 13, 2007, hearing.  Plaintiff pointed to no unfairness and no extra burden that it would suffer if this matter were to proceed in state court.  Nor did plaintiff identify any harm to any substantial interest it might have outside the litigation that would be threatened if this court declined to exercise jurisdiction.

In its Supplemental Opposition plaintiff also argued that this Court should retain jurisdiction because plaintiff has asserted what it believes is an independent basis for the relief it seeks and that if we grant summary judgment for plaintiff on that basis we will not be required to address the arguably unsettled question of state law about whether to use an objective or a subjective test in litigating the 'prior knowledge' provision.  This allegedly independent basis for the relief plaintiff seeks also is rooted in state law – and the parties have not fully briefed whether the legal principles we would need to apply in addressing this claim are "settled."  Moreover, we obviously cannot know in advance how we might rule on this allegedly independent basis for relief.  If we were to follow the procedural course that plaintiff urges, but then to decide, after appropriate development of an evidentiary record, the submission of briefs and oral argument, that plaintiff was <u>not</u> entitled to summary judgment on this second ground, we would have invested substantial judicial resources that would need to be re-invested by the state court.  Thus, following the course plaintiff urges creates a significant risk of wasting judicial resources and/or of piecemeal litigation.  There simply is no compelling reason to take these risks.

//

//

Assessing all the pertinent considerations, it is clear that the factors that support a decision to defer these proceedings to a state court substantially outweigh the interests that support retaining jurisdiction. We therefore GRANT DEFENDANTS' MOTION TO DISMISS – without purporting to suggest any views about the merits of the parties' underlying positions.

IT IS SO ORDERED.

Dated:   March 27, 2007

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Parties, WDB,
Clerk of the Court, stats